Supreme Court, Onondaga County.  February, 1904.  Unreported.

In the Matter of the Petition of PATRICK W. CULLINAN, as State Commissioner of Excise, for an Order Revoking and Canceling Liquor Tax Certificate No. 30,285, Issued to CASPER SUPARIO.

To the Supreme Court:

I, Willis H. Michell, having been appointed referee in the above entitled proceedings by an order of the Honorable W. S. Andrews, J. S. C., entered in the Onondaga county clerk's office on the 14th day of November, 1903, which said order directed me to take the proof herein and report the evidence to this Court, with my opinion, do hereby report as follows:

The said matter was first brought on for a hearing before me on the 11th day of January, 1904, on which day I duly took my oath as referee, which is herewith submitted and marked "Exhibit A." Thereafter the said reference was continued for two further hearings, and the evidence which is also herewith submitted and which is marked "Exhibit B," was taken on said hearings, and "Exhibit B" contains all the evidence which was had before me as referee in the above-entitled matter.

And, in accordance with said order which required I should report my opinion on the evidence, I do hereby report as follows:

This proceeding was brought by Patrick W. Cullinan, as State Commissioner of Excise, to revoke and cancel Liquor Tax Certificate No. 30,285, issued to the defendant, Casper Supario, on the ground that the said Supario had sold, on August 1st, 1903, liquor to boys who were under eighteen years of age. In order to support the contention of the petitioner, four boys were sworn as witnesses, to wit: Fred Fraser, Fred Ruschenski, Paul Gejenski and Mick Sebetski, aged respectively sixteen, fourteen, sixteen and fifteen years.

On behalf of the defendant four witnesses, including the defendant himself, testified.

It appears, without dispute, that these four boys left their homes in Geddes at about six o'clock on the 1st day of August, 1903, and while on their way up North Salina street, purchased fifty cents' worth of whiskey from some liquor store. After purchasing the liquor, they went to the store of Nicholas Peters, drank some of the liquor in a lot near Pond street and some near the high school on West Genesee street. While on their way home and near Liberty street, Ruschenski became intoxicated, was arrested and taken to the police station, where after being bailed out, he in company with Fraser and Sebetski appeared on the following Monday morning.

The two vital points in the case which are sharply contested are, first, as to the identification of Supario; second, as to the identification of the store at which the boys purchased the liquor.

As to the identification of Supario as the man who sold the liquor, giving the defendant the benefit of the presumption of his innocence, it is only after a careful scrutiny of the evidence that I am led to believe that the petitioner has not sustained his side of the case by a just preponderance of the evidence. On the evening in question, Fraser and Ruschenski went in the store and bought whiskey, while Gejenski and Sebetski, who had furnished the money, waited outside. Fraser testifies that Supario, whom he saw in the Police Court on the following Monday, was the man who sold him the liquor; Ruschenski also testifies on his direct examination, that he recognized on Monday morning, Supario as the man who sold him the whiskey, but, on the cross-examination, he testifies that the defendant was not in Police Court when he came there on Monday morning. On the other hand, the defence swears four witnesses, who testify positively that they were in the store of the defendant during the evening of August 1st, 1903, and that they did not see liquor sold to any boys, and they further testify, without objection, that they would have seen any boys who bought liquor there that evening. It is true that all these four witnesses are more or less interested in the outcome of this case, yet taking into consideration their general appearance on the witness stand as compared with that of Fraser and Ruschenski, I am led to believe that their version of the affair is the correct one.

The testimony on behalf of the petitioner regarding the identi-

fication of the place, contains many contradictory statements. Fraser testifies that there was no barrel in front and that he did not see any sign over the door; Ruschenski, that the only means he had of identifying the place is that a large advertising barrel was on the sidewalk in front; Gejenski, that he is not positive where the place was, and Sebetski, that he did not see any barrel in front and that there was a large sign over the door which said "Casper Supario" upon it. The defendant's witnesses testify that the barrel, which is used for advertising purposes, on the day in question was in a room back of the one in which Supario made his sales and that the sign had been taken down in order that it might be painted, and was leaning against the north side of the building. So that I am led to the conclusion that the petitioner has not identified the store in question with sufficient certainty.

I, therefore, hereby report the following findings of fact:

(1.) That on the evening of August 1st, 1903, Fred Fraser, aged sixteen years, and Fred Ruschenski, aged fourteen years, purchased a bottle of whiskey at some store on North Salina street in the city of Syracuse, N. Y., for the sum of fifty cents.

(2.) That the petitioner has failed to identify the defendant herein by a fair preponderance of the evidence, as the party who sold the whiskey.

(3.) That he has also failed to show by a just preponderance of the evidence that the said whiskey was purchased upon the premises of the defendant.

Dated Syracuse, N. Y., February 11th, 1904.

Respectfully submitted,

WILLIS H. MICHELL,